**Hao LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–1547–ag.**

United States Court of Appeals, Second Circuit.

Dec. 19, 2008.

___

* The Honorable Louis F. Oberdorfer, United States District Court for the District of Columbia, sitting by designation.

**70**

Joan Xie, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Cindy S. Ferrier, Senior Litigation Counsel, Hannah Baublitz, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present PIERRE N. LEVAL, BARRINGTON D. PARKER, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Hao Lin, a native and citizen of the People's Republic of China, seeks review of a March 26, 2008, order of the BIA affirming the June 16, 2006, decision of Immigration Judge ("IJ") Thomas Mulligan pretermitting and denying petitioner's application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Hao Lin,* No. A99 592 581 (B.I.A. Mar. 26, 2008), *aff'g* No. A99 592 581 (Immig. Ct. N.Y. City, June 16, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see In re J–Y–C–,* 24 I. & N. Dec. 260, 265 (BIA 2007).

As a general matter, we lack jurisdiction to review the agency's determination that an asylum application was untimely. *See* 8 U.S.C. § 1158(a)(3); *see also Gui Yin Liu v. INS,* 508 F.3d 716, 720 (2d Cir.2007). While we retain jurisdiction to review constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), Lin makes no

argument that would invoke our jurisdiction. Accordingly, we dismiss Lin's petition to the extent he asks us to review the agency's determination that his asylum application was untimely. *See Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007).

As to Lin's application for withholding of removal and CAT relief, we find that the agency's adverse credibility determination was supported by substantial evidence. *See Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). The IJ drew an adverse inference as to Lin's credibility after observing his demeanor and finding both that Lin's "confusion was feigned" regarding his testimony about his hospital stay and that "he became visibly nervous" when questioned about the availability of his wife's examination booklet. We accord particular deference to such assessments of an applicant's demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir. 2005). Lin also testified inconsistently with his documentary evidence regarding whether he received "Chinese traditional medicine" or "Chinese herbal medicine" when he sought treatment for a sore throat at a Chinese hospital in July 2005. Writing on a clean slate, we may not have found that Lin's testimony on this matter undermined his credibility, but we cannot conclude that "no reasonable fact-finder" would have done so. *See Xiu Xia Lin,* 534 F.3d at 167.

Having called Lin's credibility into question, the IJ properly noted Lin's failure to produce reasonably available corroborative evidence, including his wife's gynecological examination booklet and his own travel documents. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Assuming the IJ's finding that Lin gave inconsistent testimony regarding whether his wife was visibly pregnant in the fall of 2004 was based on a mischaracterization of the record, remand is not required because we can "confidently predict" that, in the absence of that error, the agency would adhere to its decision to deny Lin's asylum application based on an adverse credibility determination. *See id.* at 339–40. Because the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal and CAT relief.[1] *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

1. We find no merit in Lin's argument that the agency erred by failing to conduct a separate analysis of his CAT claim. Lin failed to establish a basis for his CAT claim separate from his claims for asylum and withholding of removal. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).